IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-3201-D

| | |
|---|---|
| MUWSAY IBN IBRAHIM TULU,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ARAC J. ZEIGLER, et al., ) | |
| ) | |
| Defendants. ) | |

On September 4, 2025, Muwsay Ibn Ibrahim Tulu ("Tulu" or "plaintiff"), proceeding pro se and in forma pauperis, filed a complaint under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and 42 U.S.C. § 1983, alleging violations of his Fourth Amendment rights [D.E. 1]. See [D.E. 2, 12]. Tulu filed the complaint from a federal courtroom in Wilmington, North Carolina, where, on the same day, a jury convicted Tulu of (1) possession of ammunition and a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 924, (2) possession with intent to distribute quantities of cocaine, fentanyl, marijuana, and cocaine base in violation of 21 U.S.C. § 841, and (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). See Verdict, United States v. Tulu, No. 5:24-CR-108 (E.D.N.C. Sept. 4, 2025), [D.E. 122]. As explained below, the court dismisses the action.

---

[1] The court directs the clerk to correct the spelling of plaintiff's name on the docket. See Compl. [D.E. 1] 1.

I.

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 678–83 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). The court may take judicial notice of matters of public record, including court filings in Tulu's criminal cases. See Beaty v. Jacobsen, No. 7:25-CV-3532, 2025 WL 1900424, at *1 n.1 (D.S.C. May 6, 2025) (unpublished), report and recommendation adopted, 2025 WL 1898981 (D.S.C. July 9, 2025) (unpublished); Sforza v. Holcombe, No. 6:24-CV-3862, 2024 WL 5408232, at *4 (D.S.C. July 31, 2024) (unpublished), report and recommendation adopted, 2025 WL 487561 (D.S.C. Feb. 13, 2025)

(unpublished); Alana v. Sengel, No. 2:22-CV-188, 2023 WL 7042559, at *4 n.1 (E.D. Va. Apr. 6, 2023) (unpublished), aff'd, No. 23-6506, 2023 WL 7000814 (4th Cir. Oct. 24, 2023) (per curiam) (unpublished).

Tulu sues eight agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and a Fayetteville Police Department officer ("Alrafai"), "all who were acting under color of federal law." Compl. at 1–2. Tulu alleges that on October 18, 2023, defendants "subjected him to making incriminating statements in violation of his Fifth Amendment right, and to a search and seizure of his cell phone" in violation of the Fourth Amendment. Id. at 2 (cleaned up); cf. Order at 2–4, United States v. Tulu, No. 5:24-CR-108 (E.D.N.C. Aug. 8, 2025), [D.E. 95] (denying Tulu's motion to suppress statements obtained during the October 18, 2023 interview); Factual Basis at 6–7, 10–15, United States v. Tulu, No. 1:23-CR-344-2 (M.D.N.C. Dec. 27, 2024), [D.E. 37] (noting that Tulu's phone was seized and searched pursuant to warrants). Prosecutors then used Tulu's statements and evidence from his cell phone to indict Tulu on federal criminal charges in the Eastern and Middle Districts of North Carolina. See Compl. at 4, 7–8.[2] Tulu seeks $20,000 in damages from each defendant and the suppression of the evidence obtained. See id. at 9.

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

---

[2] On March 17, 2025, represented by counsel and with a plea agreement, Tulu pleaded guilty to one count of conspiracy to commit straw purchasing of firearms in violation of 18 U.S.C. § 932(b)(1) and (c)(1) and conspiracy to commit firearms trafficking in violation of 18 U.S.C. § 641, all in violation of 18 U.S.C. § 371. See Plea Agmt. & Tr., United States v. Tulu, No. 1:23-CR-344-2 (M.D.N.C. Feb. 28 & May 13, 2025), [D.E. 50, 62]. Tulu has filed numerous pro se motions in that case, including a motion to withdraw his guilty plea.

3

42, 48 (1988); see Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must plausibly allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985). To state a Bivens claim, a plaintiff must plausibly allege that a federal actor violated his constitutional rights. See Bivens, 403 U.S. at 395–97. Additionally, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676.

Tulu fails to state a claim for the deprivation of a right secured by the Constitution. See Vega v. Tekoh, 597 U.S. 134, 141 (2022); Fosnight v. Jones, 41 F.4th 916, 922 (7th Cir. 2022); Dollar v. Anne Arundel Cnty., No. CV 24-1642, 2025 WL 1347064, at *14 (D. Md. May 7, 2025) (unpublished) (collecting cases); Davis v. Stafford, No. 8:24-CV-5429, 2025 WL 920656, at *4 (D.S.C. Feb. 5, 2025) (unpublished), report and recommendation adopted, 2025 WL 920611 (D.S.C. Mar. 26, 2025) (unpublished), appeal dismissed, No. 25-6292, 2025 WL 2453369 (4th Cir. Aug. 26, 2025) (per curiam) (unpublished); cf. Wells v. Fuentes, 126 F.4th 882, 895 n.15 (4th Cir. 2025), cert. denied, No. 25-182, 2025 WL 2906528 (U.S. Oct. 14, 2025). And Tulu's Fourth Amendment claims concerning the seizure and search of his cell phone pursuant to warrants that ATF agents obtained are "meaningfully different than those in Bivens, and, if permitted to proceed, would extend Bivens into a new context." Annappareddy v. Pascale, 996 F.3d 120, 137 (4th Cir. 2021); see id. at 135–36; Coleman v. Mauney, No. 1:23-CV-1127, 2025 WL 1056888, at *19 (M.D.N.C. Jan. 31, 2025) (unpublished), report and recommendation adopted, 2025 WL 942947 (M.D.N.C. Mar. 28, 2025) (unpublished); Lester v. Sizemore, 753 F. Supp. 3d 486, 493–94 (S.D. W. Va. 2024). Because Tulu's claims fail whether they arise under Bivens or section 1983, the court need not address whether defendant Alrafai acted under color of state or federal law. Cf.

4

Wells, 126 F.4th at 898 & n.20; Lester, 753 F. Supp. 3d at 492. Accordingly, the court dismisses the action for failure to state a claim.

## II.

In sum, the court DIRECTS the clerk to correct the spelling of plaintiff's name on the docket and DISMISSES WITHOUT PREJUDICE the action for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). The clerk shall close the case.

SO ORDERED. This 18 day of December, 2025.

J. Dever
JAMES C. DEVER III
United States District Judge